SC

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Lawrence Sharp,<br><br>　　　　　Petitioner,<br><br>vs.<br><br>Charles L. Ryan,<br><br>　　　　　Respondent. | No. CV 13-8163-PCT-DGC (MEA)<br><br><br>**ORDER** |

Petitioner Jason Lawrence Sharp, who is confined in the Central Arizona Correctional Facility in Florence, Arizona, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and has paid the $5.00 filing fee. The Court will require an answer to the Petition.

**I.    Petition**

Petitioner was convicted by a jury in Yavapai County Superior Court, case #CR2006-1544, of two counts of attempted sexual assault and was sentenced to a 7-year term of imprisonment. Petitioner indicates that his direct appeal was denied and that the Arizona Supreme Court denied review. He further indicates that his state petition for post-conviction relief was denied by the trial court and, on August 7, 2012, the Arizona Court of Appeals denied his petition for review. On February 15, 2013, the Arizona Supreme Court denied Petitioner's petition for review.

Petitioner names Charles L. Ryan as Respondent. Petitioner raises one ground for relief. Petitioner alleges that he received ineffective assistance of counsel at trial in

violation of his Sixth and Fourteenth Amendment rights. The Court will require Respondents to answer the Petition. 28 U.S.C. § 2254(a).

**II.  Warnings**

    **A.  Address Changes**

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

    **B.  Copies**

Petitioner must serve Respondents, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Petitioner must submit an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Petitioner.

    **C.  Possible Dismissal**

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) The Clerk of Court must serve a copy of the Petition (Doc. 1) and this Order on the Respondent and the Attorney General of the State of Arizona by certified mail pursuant to Rule 4, Rules Governing Section 2254 Cases.

(2) Respondents must answer the Petition within 40 days of the date of service. Respondents must not file a dispositive motion in place of an answer but may file an answer limited to relevant affirmative defenses, including but not limited to, statute of limitations, procedural bar, or non-retroactivity. If the answer is limited to affirmative

TERMPSREF

1  defenses, only those portions of the record relevant to those defenses need be attached to
2  the answer. Failure to set forth an affirmative defense in an answer may be treated as a
3  waiver of the defense. *Day v. McDonough*, 547 U.S. 198, 209-11 (2006). If not limited
4  to affirmative defenses, the answer must fully comply with all of the requirements of
5  Rule 5 of the Rules Governing Section 2254 Cases.

6  (3) Petitioner may file a reply within 30 days from the date of service of the
7  answer.

8  (4) This matter is referred to Magistrate Judge Mark E. Aspey pursuant to
9  Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a
10 report and recommendation.

11 Dated this 28th day of January, 2014.

David G. Campbell
United States District Judge

TERMPSREF

- 3 -