IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Lawrence Sharp,<br><br>　　　Petitioner,<br><br>　　v.<br><br>Charles L. Ryan, et al.,<br><br>　　　Respondents.<br>_____ | )<br>)<br>) CIV 13-08163 PCT DGC (MEA)<br>)<br>) REPORT AND RECOMMENDATION<br>)<br>)<br>)<br>)<br>) |

**TO THE HONORABLE DAVID G. CAMPBELL:**

  Petitioner, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on or about June 24, 2013. Respondents filed an Answer to Petition for Writ of Habeas Corpus ("Answer") (Doc. 12) on April 28, 2014. Respondents allow that Petitioner's habeas action is timely and that Petitioner properly exhausted the only claim presented in the state courts. As of June 9, 2014, Petitioner has not docketed a reply to the answer to his petition for habeas relief.

  **I Procedural History**

  An indictment issued November 29, 2006, in the Yavapai County Superior Court charged Petitioner with four counts of sexual assault, class 2 felonies (Counts 1, 3, 4, and 5), and one count of attempted sexual assault, a class 3 felony (Count

2). See Answer, Exh. B. Counts 1 and 2 were alleged to have been committed on or about November 23, 2006, and Counts 3 through 5 were alleged to have been committed between August and September 2006. Id., Exh. B. The alleged victim of all the counts was the daughter of Petitioner's live-in girlfriend, who was 19 years of age at the time of the alleged assaults. Id., Exh. B. The state later alleged that Petitioner had one historical prior felony conviction and that he had committed the offenses while on probation. See id., Exh. C. The state also alleged that Petitioner committed multiple offenses on different occasions. Id., Exh. D.

The alleged victim and Petitioner's girlfriend and Petitioner all testified at his trial. Petitioner testified that he had sex with the victim, but that the sex was consensual. He also admitted that he repeatedly lied to a police officer and a police detective when asked whether he had ever had sexual contact with the victim, admitting he had told the detective, "I didn't do nothing. I swear it," and, "I'm being honest with you." Id. at 9-10, quoting Exh. G (a videotape)and Exh. F at 168-69, 171.

The jury found Petitioner guilty on Counts 1 and 2 (sexual assault and attempted sexual assault on November 23, 2006), and found him not guilty on Counts 3, 4, and 5 (the sexual assaults alleged to have occurred between August and September 2006). Id., Exh. H at 29-30. Petitioner admitted that he had committed the offenses while on probation. Id. at 13 n.5, citing Exh. F at 143 & Exh. H at 24-28.

On May 7, 2007, the state trial court sentenced Petitioner to concurrent terms of seven and six and one-half years imprisonment, to be served consecutively to the term of imprisonment Petitioner was serving in CR 2006-1157. Id., Exh. I, at 7-8.

Petitioner took a timely direct appeal of his convictions and sentences. Id., Exh. J. Petitioner asserted the trial court abused its discretion when it admitted photographs of abrasions on the victim. Id., Exh. K. In a decision issued November 4, 2008, the Arizona Court of Appeals affirmed Petitioner's convictions and sentences. Id., Exh. M. Petitioner sought review of this decision by the Arizona Supreme Court, which denied review on April 16, 2009. Id., Exh. O.

Petitioner initiated an action for state post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure, on May 7, 2009. Id., Exh. Q. Petitioner was appointed counsel. In his Rule 32 action Petitioner alleged that his trial counsel was constitutionally ineffective for failing to call as witnesses his girlfriend's children and his 14-year-old niece, who were in the same room when it was alleged Petitioner sexually assaulted the victim. Id., Exh. S. The state trial court held that Petitioner had presented a colorable claim for relief, and conducted an evidentiary hearing on December 10, 2010. Id., Exh. W.

Petitioner first called his trial counsel, Ray Hanna, as a witness. Id., Exh. W at 5-6. Mr. Hanna testified that prior to trial he had, *inter alia*, interviewed all the children

-3-

who were at the home at the time of the sexual assaults. Id., Exh. W at 8, 16. Mr. Hanna testified that he had to "pry out information from them," and when he did, they all consistently claimed they had not seen anything.

The children allegedly present at the time of the assault also testified at the evidentiary hearing. The various children told contradictory stories about who was where when and all stated they had not seen anything. Id., Exh. W. After argument, the trial court took the matter under advisement. Id., Exh. W at 183.

In a decision issued December 20, 2010, the state trial court thoroughly discussed the evidence presented at the hearing and denied Petitioner's claims for post-conviction relief. Id., Exh. X. The state court found Petitioner's counsel's performance did not violate Petitioner's right to the effective assistance of counsel pursuant to the test stated in Strickland v. Washington, finding that the "failure" to call the children as witnesses was neither deficient performance nor prejudicial. Id., Exh. X. The state trial court noted Petitioner's counsel had interviewed the children and that two of the children were available to testify at the trial.

> The court also found that Hanna "did not think the children were believable," and "assessed their presentation as disingenuous and influenced by adults." (Id.) Based on the testimony of the children during the evidentiary hearing, the court held that Hanna's observations were correct. (Id.) The court found that "the children appeared to be testifying truthfully" during the evidentiary hearing, but "they were understandably led to agree with whichever counsel was questioning

-4-

1
2
3
4
5
6
    them." (<u>Id.</u>) The court also surmised that Hanna may "very well have accurately assessed that their testimony could appear to have been influenced by family members to assist their father and uncle and undermine the defense theory of consent." (<u>Id.</u>) The court held that Hanna's decision not to call the children as witnesses "was not unreasonable," and not ineffective assistance of counsel. (<u>Id.</u> at 3–4.)

7 <u>Id.</u> at 21.

8    In the decision denying post-conviction relief the
9 state trial court also determined Petitioner was not prejudiced
10 by the alleged failure of counsel to call the children to
11 testify at Petitioner's trial. <u>Id.</u>, Exh. X. The state trial
12 court reasoned that, if the children had been called to testify
13 at trial, "they would have been inconsistent as to details
14 regarding the occupants' activities and locations" at the time
15 and place alleged and that two of the children, including the
16 eldest who was subpoenaed to testify, "would have acknowledged
17 that [Petitioner] could have committed the sexual contacts in
18 the computer room without them seeing it." <u>Id.</u>, Exh. X.

19    On May 25, 2011, Petitioner sought review of the trial
20 court's denial of Rule 32 relief by Arizona Court of Appeals.
21 <u>Id.</u>, Exh. Y. On August 7, 2012, the Arizona Court of Appeals
22 affirmed the trial court's decision, finding that the court had
23 "clearly identified and thoroughly addressed each aspect of
24 [Petitioner's] claim and resolved the issues in a manner
25 sufficient to permit this or any other court to conduct a
26 meaningful review," as well as that "[a]mple evidence supported
27 the court's findings." <u>Id.</u>, Exh. AA at 4. Petitioner sought

28              -5-

review of this decision by the Arizona Supreme Court, which denied review on February 15, 2013. Id., Exh. DD.

In his habeas petition Petitioner alleges that his counsel was constitutionally ineffective, in violation of his Sixth and Fourteenth Amendment rights, for failing to call as witnesses his three children, his nephew, and his cousin, who he claims were "present in the room at the time" he committed the sexual assault and attempted sexual assault.

## II Analysis

### A. Standard of review of exhausted claims

The Court may not grant a writ of habeas corpus to a state prisoner on a claim adjudicated on the merits in state court proceedings unless the state court reached a decision contrary to clearly established federal law, or the state court decision was an unreasonable application of clearly established federal law. See 28 U.S.C. § 2254(d); Carey v. Musladin, 549 U.S. 70, 75, 127 S. Ct. 649, 653 (2006); Musladin v. Lamarque, 555 F.3d 834, 838 (9th Cir. 2009). "Under AEDPA, a federal court may not grant a petition for a writ of habeas corpus unless the state court's adjudication on the merits was 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" Lafler v. Cooper, 132 S. Ct. 1376, 1390 (2012), quoting 28 U.S.C. § 2254(d)(1).

A state court decision is contrary to federal law if it applied a rule contradicting the governing law of United States Supreme Court opinions, or if it confronts a set of facts that

-6-

1  is materially indistinguishable from a decision of the Supreme
2  Court but reaches a different result.  See, e.g., Brown v.
3  Payton, 544 U.S. 133, 141, 125 S. Ct. 1432, 1438 (2005);
4  Yarborough v. Alvarado, 541 U.S. 652, 663, 124 S. Ct. 2140, 2149
5  (2004); Runningeagle v. Ryan, 686 F.3d 758, 785 (9th Cir. 2012),
6  cert. denied, 133 S. Ct. 2766 (2013).
7       A state court decision involves an unreasonable
8  application of clearly established federal law if it correctly
9  identifies a governing rule but applies it to a new set of facts
10 in a way that is objectively unreasonable, or if it extends, or
11 fails to extend, a clearly established legal principle to a new
12 set of facts in a way that is objectively unreasonable.  See
13 McNeal v. Adams, 623 F.3d 1283, 1287–88 (9th Cir. 2010). The
14 state court's determination of a habeas claim may be set aside
15 under the unreasonable application prong if, under clearly
16 established federal law, the state court was "unreasonable in
17 refusing to extend [a] governing legal principle to a context in
18 which the principle should have controlled."  Ramdass v.
19 Angelone, 530 U.S. 156, 166, 120 S. Ct. 2113, 2120 (2000).  See
20 also Cheney v. Washington, 614 F.3d 987, 994 (9th Cir. 2010).
21 However, the state court's decision is an unreasonable
22 application of clearly established federal law only if it can be
23 considered *objectively* unreasonable.  See, e.g., Renico v. Lett,
24 559 U.S. 766, 130 S. Ct. 1855, 1862 (2010); Runningeagle, 686
25 F.3d at 785.  An unreasonable application of law is different
26 from an incorrect one.  See Renico, 130 S. Ct. at 1862; Cooks v.
27 Newland, 395 F.3d 1077, 1080 (9th Cir. 2005).  "That test is an

-7-

1  objective one and does not permit a court to grant relief simply
2  because the state court might have incorrectly applied federal
3  law to the facts of a certain case." Adamson v. Cathel, 633
4  F.3d 248, 255-56 (3d Cir. 2011). See also Howard v. Clark, 608
5  F.3d 563, 567-68 (9th Cir. 2010).
6        Factual findings of a state court are presumed to be
7  correct and can be reversed by a federal habeas court only when
8  the federal court is presented with clear and convincing
9  evidence. See 28 U.S.C. § 2254(e)(1); Miller-El v. Dretke, 545
10 U.S. 231, 240-41, 125 S. Ct. 2317, 2325 (2005); Miller-El v.
11 Cockrell, 537 U.S. 322, 340, 123 S. Ct. 1029, 1041 (2003);
12 Runningeagle, 686 F.3d at 763 n.1; Crittenden v. Ayers, 624 F.3d
13 943, 950 (9th Cir. 2010); Stenson, 504 F.3d at 881; Anderson v.
14 Terhune, 467 F.3d 1208, 1212 (9th Cir. 2006). The "presumption
15 of correctness is equally applicable when a state appellate
16 court, as opposed to a state trial court, makes the finding of
17 fact." Sumner v. Mata, 455 U.S. 591, 593, 102 S. Ct. 1303,
18 1304-05 (1982). Additionally, the United States Supreme Court
19 has held that, with regard to claims adjudicated on the merits
20 in the state courts, "review under § 2254(d)(1) is limited to
21 the record that was before the state court that adjudicated the
22 claim on the merits." Cullen v. Pinholster, 131 S. Ct. 1388,
23 1398 (2011).
24       If the Court determines that the state court's decision
25 was an objectively unreasonable application of clearly
26 established United States Supreme Court precedent, the Court
27 must review whether Petitioner's constitutional rights were
28

-8-

violated, i.e., the state's ultimate denial of relief, without the deference to the state court's decision that the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") otherwise requires. See Lafler, 132 S. Ct. 1389-90; Panetti v. Quarterman, 551 U.S. 930, 953-54, 127 S. Ct. 2842, 2858-59 (2007); Runningeagle, 686 F.3d at 785-86; Greenway v. Schriro, 653 F.3d 790, 805-06 (9th Cir. 2011).

**B. Petitioner's claim for relief**

Petitioner asserts he was denied his Sixth Amendment right to the effective assistance of counsel.

To state a claim for ineffective assistance of counsel, a habeas petitioner must show both that his attorney's performance was deficient and that the deficiency prejudiced the outcome of his criminal proceedings. See Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). The petitioner must overcome the strong presumption that counsel's conduct was within the range of reasonable professional assistance required of attorneys in that circumstance. See id., 466 U.S. at 687, 104 S. Ct. at 2064. Counsel's performance will be held constitutionally deficient only if the habeas petitioner proves counsel's actions "fell below an objective standard of reasonableness," as measured by "prevailing professional norms." Strickland, 466 U.S. at 688, 104 S. Ct. at 2064-65. See also Cheney v. Washington, 614 F.3d 987, 994-95 (9th Cir. 2010). To establish prejudice, the petitioner must establish that there is "a reasonable probability that, but for counsel's unprofessional errors, the

-9-

result of the proceeding would have been different." <u>Strickland</u>, 466 U.S. at 694, 104 S. Ct. at 2068. <u>See also</u>, <u>e.g.</u>, <u>Harrington v. Richter</u>, 131 S. Ct. 770, 786-88 (2011).

> To meet the first prong the defendant must show that counsel's representation fell below an objective standard of reasonableness. This inquiry is "highly deferential." When <u>Strickland</u>'s standards are coupled with the provisions of AEDPA, review is "doubly deferential." <u>Richter</u>, 131 S.Ct. at 788. "[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary...." <u>Strickland</u>, 466 U.S. at 691, 104 S.Ct. 2052. Reasonableness is viewed as of the time of the conduct and against the background of the facts of the case. <u>See</u> <u>Rompilla v. Beard</u>, 545 U.S. 374, 381, 125 S.Ct. 2456, [] (2005)....
>  The second prong requires the defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Strickland</u>, 466 U.S. at 694, 104 S.Ct. 2052. The question for a reviewing court applying <u>Strickland</u> together with the § 2254(d) overlay is whether there is a "reasonable argument that counsel satisfied <u>Strickland</u>'s deferential standard," such that the state court's rejection of the IAC claim was not an unreasonable application of <u>Strickland</u>. <u>Richter</u>, 131 S.Ct. at 788. Relief is warranted only if no reasonable jurist could disagree that the state court erred. <u>See</u> <u>Pinholster</u>, 131 S.Ct. at 1402.

<u>Murray v. Schriro</u>, 746 F.3d 418, 465-66 (9th Cir. 2014).

Because Petitioner's counsel investigated the children's testimony and made a legitimate strategic decision not to call the children to testify at trial, which decision was not prejudicial to Petitioner, the Arizona courts' determination that Petitioner's counsel's performance was not deficient and

-10-

that, assuming arguendo the performance was deficient, Petitioner was not prejudiced thereby, was not an unreasonable application of Strickland. Compare Vega v. Ryan, 735 F.3d 1093, 1095-97 (9th Cir. 2013); Thomas v. Chappell, 678 F.3d 1086, 1104-05 (9th Cir. 2012), cert. denied, 133 S. Ct. 1239 (2013) (collecting cases regarding deficient performance prong of the Strickland test).

### III Conclusion

The Arizona state courts' conclusion that Petitioner was not denied his right to the effective assistance of counsel because counsel did not call the children, called at the evidentiary hearing, to testify at Petitioner's trial, was not clearly contrary to nor an unreasonable application of the correct test stated in Strickland v. Washington.

**IT IS THEREFORE RECOMMENDED that** Mr. Sharp's Petition for Writ of Habeas Corpus be denied and dismissed with prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the

-11-

parties have fourteen (14) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

Pursuant to 28 U.S.C. foll. § 2254, R. 11, the District Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The undersigned recommends that, should the Report and Recommendation be adopted and, should Petitioner seek a certificate of appealability, a certificate of appealability should be denied because Petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C.A § 2253(c)(2).

DATED this 11th day of June, 2014.

_____
Mark E. Aspey
United States Magistrate Judge