IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Lawrence Sharp,<br><br>              Petitioner,<br><br>v.<br><br>Charles L. Ryan,<br><br>              Respondent. | No. CV-13-08163-PHX-DJH<br><br>**ORDER** |

        This matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and the Report and Recommendation ("R&R") issued by United States Magistrate Judge Mark E. Aspey (Doc. 13).  In his one claim for relief in the Petition, Petitioner alleges that his trial counsel provided ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendment when he failed to call as witnesses Petitioner's three children, his nephew and his cousin, who he claims were present at the time he committed the offenses for which he was convicted.  After a thorough analysis, Judge Aspey determined that the Arizona state courts' rejection of Petitioner's claim was not contrary to or an unreasonable application of the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).  Accordingly, Judge Aspey recommends the Petition be denied.

        Judge Aspey advised the parties that they had fourteen day to file objections and that the failure to file timely objections "will be considered a waiver of a party's right to de novo appellate consideration of the issues."  (Doc. 13 at 11-12) (citing Fed.R.Civ.P.

72(b) and *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*)). The parties have not filed objections and the time to do so has expired.  Absent any objections, the Court is not required to review the findings and recommendations in the R&R.  *See Thomas v. Arn*, 474 U.S. 140, 149 (1989) (The relevant provision of the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(C), "does not on its face require any review at all . . . of any issue that is not the subject of an objection."); *Reyna-Tapia,* 328 F.3d at 1121 (same); Fed.R.Civ.P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

Nonetheless, the Court has reviewed the R&R and agrees with its findings and recommendations.  The Court will, therefore, accept the R&R and deny the Petition.  *See* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."); Fed.R.Civ.P. 72(b)(3) (same).

Accordingly,

**IT IS ORDERED** that Magistrate Judge Aspey's R&R (Doc. 13) is **accepted** and **adopted** as the order of this Court.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **denied** and **dismissed with prejudice**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are **denied** because Petitioner has not made a substantial showing of the denial of a constitutional right.

**IT IS FURTHER ORDERED** that the Clerk of Court shall terminate this action and enter judgment accordingly.

Dated this 6th day of August, 2014.

_____
Diane J. Humetewa
United States District Judge